OPINION
{¶ 1} Appellant, Jay R. Vernon, appeals from the judgment of the Lake County Court of Common Pleas. The trial court denied Vernon's motion to withdraw his guilty plea.
{¶ 2} In 1995, Vernon was indicted by the Lake County Grand Jury. Vernon was charged with one count of rape. Vernon pled guilty to this charge and was sentenced to a term of six to twenty-five years in prison.
{¶ 3} In 2001, Vernon filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and a motion to proceed in forma pauperis. In separate judgment entries, the trial court denied both of these motions.
{¶ 4} Vernon raises the following assignments of error on appeal:
 {¶ 5} "[1.] Whether the sentencing court abused its discretion and or erred in accepting and considering the state's brief in opposition when the state's [brief in] opposition was filed out of rule as untimely and cited no legal authority relied upon in support of its position; and contained erroneous facts.
 {¶ 6} "[2.] Whether the sentencing court erred to the prejudice of appellant when it abridged appellant's substantial right to reply in opposition to the state's brief in opposition, contrary to, and in violation of, the Fourteenth Amendment to the Constitution of the United States, Article I, Section 16 of the Constitution of the state of Ohio, Criminal Rule 45(A) and (E), and Local Rule III(D)(4).
 {¶ 7} "[3.] Whether the sentencing court abused its discretion in refusing to acknowledge the appellant's indigency status in denying appellant's motion for leave to proceed in forma pauperis and affidavit of indigency without proper recorded findings.
 {¶ 8} "[4.] Whether the sentencing court abused its discretion and or erred in denying appellant's motion to withdraw guilty plea pursuant to Criim.R. 32.1 without a hearing upon appellant's showing of manifest injustice, denying appellant legal redress contrary to Article I, Section 16, and Article IV, Section 5(B), of the Constitution of the state of Ohio, and the Sixth and Fourteenth Amendments to the Constitution of the United States; ineffective assistance of trial counsel; broken plea bargain."
{¶ 9} In Vernon's first assignment of error, he alleges that the trial court erred in accepting and considering the state's brief in opposition. The state's brief in opposition was due within fourteen days of the filing of Vernon's motion to withdraw guilty plea.[1] Vernon filed his motion to withdraw guilty plea on March 29, 2001. The state filed its brief in opposition on May 15, 2001. This is well beyond fourteen days.
{¶ 10} Vernon also claims that the trial court should not have accepted the state's brief in opposition because the brief did not contain any citations to legal authority. The state asserted two arguments in its brief in opposition: the first was that Vernon's motion to withdraw guilty plea was "inappropriate and did not qualify pursuant to Crim.R.32.1"; and the second was that Vernon's motion to withdraw guilty plea was barred by the doctrine of res judicata.
{¶ 11} The state was responding to a motion to withdraw a guilty plea that was made over five years after Vernon was sentenced. Further, Vernon had previously argued that his guilty plea was not voluntary. Under these circumstances, we do not see that the trial court abused its discretion by accepting the state's brief in opposition.
{¶ 12} Vernon's first assignment of error is without merit.
{¶ 13} Vernon's second assignment of error also deals with procedural deadlines. Vernon claims the trial court erred by not considering his reply brief. We agree.
{¶ 14} Vernon's reply brief was due within five days of the state's filing its brief in opposition.[2] The state served Vernon with a copy of its brief in opposition by regular U.S. mail. Thus, Vernon had an additional three days to file his reply brief.[3] Since the time prescribed by the Local Rules was less than seven days, Saturday, May 19, 2001, and Sunday, May 20, 2001, do not count in the computation of days.[4] Also, the date the state filed its brief in opposition, May 15, 2001, is not included in the computation.[5] Accordingly, Vernon's reply brief was not due until May 25, 2001. Vernon's reply brief was filed on May 24, 2001.
{¶ 15} The trial court denied Vernon's motion to withdraw guilty plea on May 21, 2001. Obviously, the trial court did not consider Vernon's reply brief. The state argues that Vernon's due process rights were not violated based on the decision in State v. Schaffer.[6] In Schaffer, the court stated:
 {¶ 16} "Given that there is no requirement to provide an opportunity for the movant to respond to the State's memorandum in opposition and the trial court having considered all appropriate pleadings, we conclude that defendant's due process rights were not violated by the trial court's failure to consider his response, which was filed following the trial court's entry denying the defendant's motion."[7]
{¶ 17} The local rules at issue in Schaffer did not provide for reply briefs. However, Local Rule III(D)(4) of the Court of Common Pleas of Lake County, General Division does require that there be an opportunity for the movant to respond to the state's brief in opposition. The trial court did not afford Vernon this opportunity in a meaningful manner.
{¶ 18} The trial court's actions in not considering Vernon's reply brief are compounded by its actions regarding the state's brief in opposition. The trial court was very lenient with the state, accepting and considering the brief in opposition filed a month late. The trial court then denied Vernon's motion to withdraw guilty plea without considering Vernon's reply brief, which was not yet due.
{¶ 19} The trial court's actions in this case were unfair and violated Vernon's due process rights. Vernon's second assignment of error has merit.
{¶ 20} Having found merit in Vernon's second assignment of error, we will not address Vernon's third or fourth assignments of error, as they are now moot.
{¶ 21} The judgment of the trial court is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] Loc.R. III(D)(3) of the Court of Common Pleas of Lake County, General Division.
[2] Loc.R. III(D)(4) of the Court of Common Pleas of Lake County, General Division.
[3] Crim.R. 45(E).
[4] Crim.R. 45(A).
[5] Id.
[6] State v. Schaffer (Nov. 5, 1999), 3d Dist. No. 9-99-41, 1999 Ohio App. LEXIS 5205.
[7] Id at *4.